UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ANDREW GIBBONS,<br><br>Plaintiff,<br><br>v.<br><br>MN-DHS-HENNEPIN COUNTY MUNICIPAL LIABILITY, et al.,<br><br>Defendants. | Civil No. 23-3848 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

---

Andrew Gibbons, 1501 Hawthorne Avenue, Apartment 101, Minneapolis, MN 55403, *pro se* Plaintiff.

Steven Ross Gershone, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, A-2000 Government Center, Mail Code 200, Minneapolis, MN 55487, for Defendant MN-DHS-Hennepin County Municipal Liability.

Leonard J. Schweich, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for Defendant State Department of Human Services.

Plaintiff Andrew Gibbons filed this action against Hennepin County and the Minnesota Department of Human Services after he could not receive backpay for Supplemental Nutrition Assistance Program ("SNAP") benefits in cash. He primarily alleges a violation of H.R. 133, which the Court understands to reference the Consolidated

Appropriations Act of 2021 ("CAA"),[1] either standing alone or under 42 U.S.C. § 1983. He also references claims for stealing, emotional distress, and an appeal of his SNAP benefits decision. Both Defendants moved to dismiss the action. The CAA provides no private right of action itself nor through § 1983; thus, that claim will be dismissed. Gibbons also fails to state a claim for theft or emotional distress. Because it will dismiss all federal claims, the Court will decline to exercise supplemental jurisdiction over any claim that appeals the agencies' decision on SNAP benefits. Accordingly, the Court will grant Defendants' motions to dismiss and dismiss Gibbons's action.

## BACKGROUND

### I. FACTS

Andrew Gibbons applied for Supplemental Assistance Nutrition Program ("SNAP") benefits through Defendant Hennepin County Health and Human Services ("Hennepin County") on December 21, 2022. (Statement of Case at 4, Dec. 19, 2023, Docket No. 2.) On April 25, 2023, Hennepin County denied Gibbons's SNAP benefits as an ineligible student. (*Id.*) Due to the denial, Gibbons's alleges that he had to spend his own savings to pay for food, which consisted solely of government-issued Economic Impact Payments ("EIPs"), need-based student assistance, and prison labor income. (*Id.* at 4–5.)

---

[1] Gibbons refers to "H.R. 133" throughout the Complaint, most likely in reference to the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182 (codified as amended in scattered sections throughout the U.S.C.), which was cited as H.R. 133, 116th Cong. (2d Sess. 2020) before enacted.

Hennepin County reversed its decision on July 5, 2023, because Gibbons qualified for SNAP benefits as a student with $0 in family contributions pursuant to the temporary COVID-19 provisions in the CAA. (*Id.* at 3–4.)  Hennepin County thus retroactively issued Gibbons $2,200[2] in SNAP benefits as an Electronic Benefit Transfer ("EBT").  (*Id.* at 4–5.)

Hennepin County received an appeal request from Gibbons requesting the backpay SNAP benefits be issued in cash.  (Decl. Leonard J. Schweich ("Schweich Decl.") ¶ 4, Ex. 3 at 44–47,[3] Apr. 3, 2024, Docket No. 13-1.)  Minnesota Department of Human Services ("MN DHS") held a hearing and affirmed Hennepin County's issuance of SNAP benefits as EBT rather than as cash.  (*Id.*)  Gibbons requested MN DHS reconsider its decision, which it denied.  (*Id.* ¶ 5, Ex. 4 at 50–51.)

## II.   PROCEDURAL HISTORY

After MN DHS denied reconsidering Gibbons's claim, he filed this action against Hennepin County and MN DHS, seeking damages because his SNAP benefits, although retroactively applied, were not provided as a cash benefit.  (Compl. at 2, 4, Dec. 19, 2023, Docket No. 1; Statement of Case at 8–9.)  Specifically, Gibbons alleges that those actions violated the CAA, constituted theft, and caused emotional distress.  (Statement of Case

---

[2] Gibbons alleges in his Statement of Case that the amount issued was $2,200, which differs from the $2,066 in records provided by Defendants.  (*See* Decl. Leonard J. Schweich, ¶ 3, Ex. 2 at 9, Apr. 3, 2024, Docket No. 13–1.)  Nonetheless, the Court need not address this further because the amount issued is not in dispute and has no bearing on the outcome of these motions to dismiss.

[3] As all the exhibits are combined, the Court will cite to the electronic filing page numbers.

at 6, 8–9; *see also* Compl. at 3–5, 6, 9.) Gibbons also appeals MN DHS' denial for rehearing on his benefits decision. (Cover Letter, Dec. 19, 2023, Docket No. 1–1.) MN DHS and Hennepin County filed motions to dismiss. (MN DHS Mot. Dismiss, Apr. 3, 2024, Docket No. 9; Hennepin Cnty. Mot. Dismiss, Apr. 4, 2024, Docket No. 17.) Gibbons filed a motion to deny Defendants' motions which the Court understands to be a response to Defendants' motions. (Pl.'s Mot. Deny Defs.' Mot., May 1, 2024, Docket No. 23.)

## DISCUSSION

### I.   STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the Complaint as true to determine if the Complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court construes the Complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the Complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or mere "labels and conclusions or a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678 (quotation omitted). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pro se complaints should be construed liberally,

though such complaints still must allege sufficient facts to state a claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

At the motion to dismiss stage, the Court may consider the allegations in the Complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Court may also consider exhibits attached to the pleadings, as long as those documents do not conflict with the Complaint.[4] *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II.  ANALYSIS

Gibbons broadly alleges that backpay of SNAP benefits in EBT only, instead of cash, is unconstitutional. The Court understands Gibbons's claims to allege violations of the CAA itself or under § 1983, theft, emotional distress, and an appeal of MN-DHS's decision.

### A.  Consolidated Appropriations Act, 2021

Gibbons claims that Defendants violated the CAA by first denying him SNAP benefits, and then by refusing to pay SNAP backpay benefits in cash rather than EBT. Gibbons's claim is deficient in three ways. First, the CAA contains no private right of action. Second, § 1983 does not provide an alternative cause of action. And third, the CAA expanded who is eligible for SNAP benefits but did not alter the form in which those benefits were to be paid.

---

[4] The Court relies on the exhibits MN DHS submitted with its motion to dismiss because they are either referenced in the Complaint, are public records, or both.

Even in the face of an erroneous denial, the CAA provides no private right of action. Generally, spending bills such as the CAA do not give rise to enforceable rights, either through private rights of action or § 1983. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280–83 (2002). Indeed, a court in this District specifically found no private right of action under the CAA. *Yaritz v. IRS*, No. 23-0452, 2023 WL 5756462, at *3 (D. Minn. Apr. 26, 2023), *report and recommendation adopted*, No. 23-0452, 2023 WL 5321063 (D. Minn. Aug. 18, 2023). Because the Court agrees that the statute did not create a private right of action, any claims alleging a violation of the CAA for denial or benefits or for backpay in EBT fail.

Section 1983[5] does not address Gibbons's claims that the CAA was violated. Gibbons did not allege that he was deprived of a federal statutory or constitutional right. *Cf. Turner v. Westfield Washington Twp.*, No. 22-1969, 2022 WL 17039087, at *2 (7th Cir. Nov. 17, 2022) (citing *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 119–20 (2005)). The CAA did not give any individual the right to the funds, nor the right to benefits in cash; it merely expanded local governments' ability to distribute federal funds to eligible recipients. *Id.*; *see also Gonzaga Univ.*, 536 U.S. at 283–84.

Finally, even if the CAA conferred a right to Gibbons for the SNAP benefits, the CAA did not specify that SNAP benefits must be paid in cash. The CAA temporarily extended SNAP eligibility to at-least-half-time students with expected family contributions of $0.

---

[5] To the extent Gibbons also brings his § 1983 claim against MN DHS, that claim is barred by sovereign immunity under the Eleventh Amendment. *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Pub. L. No. 116-260, Title VII-A § 702(e), 134 Stat. 1182. Nothing in the CAA, however, required or allowed for SNAP benefits be paid in cash rather than EBT. *See generally id.* at Title VII-A (outlining temporary changes to the administration of SNAP benefits). Even if Gibbons had a right to the SNAP benefits, he would not have had a right to those benefits in cash.

The CAA does not provide a path for Gibbons to challenge the initial denial of SNAP benefits or the backpay granted in EBT instead of cash. As such, any claim under the CAA fails and will be dismissed with prejudice.

**B.   Theft**

Gibbons also alleges that the Defendants stole federal government money because the denial of SNAP benefits forced Gibbons to spend COVID-19 EIPs and PELL grants — funds from the federal government— not money earned by Gibbons. The two potential bases for Gibbons's theft claim are 18 U.S.C. § 641 (criminal theft statute) or Minn. Stat. § 604.14 (civil liability for theft in Minnesota). Both fail.

Gibbons's claim under 18 U.S.C. § 641 fails for two reasons. First, § 641 prohibits theft of "public money." 18 U.S.C. § 641. The money at issue here, ceased to be federal (and public) when it paid to Gibbons. *United States v. Smith*, 596 F.2d 662, 664 (5th Cir. 1979). Notwithstanding the fact that the funds were no longer federal funds, Gibbons lacked standing to bring a claim under 18 U.S.C. § 641, a criminal statute, because, as a private citizen, he "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Gibbons's claim under Minn. Stat. § 604.14 is likewise insufficient. While Gibbons describes being forced to spend his EIPs and PELL grants because he was erroneously denied SNAP benefits, he fails to plead any additional facts in support of his argument that either Hennepin County or MN-DHS stole his money. Nothing suggests that Hennepin County or MN-DHS wrongfully or surreptitiously took Gibbons's property with the intent to keep it. *Shimota v. Wegner*, No. 15-1590, 2017 WL 4083154, at *5 (D. Minn. Sept. 14, 2017). The only conduct attributable to Hennepin County or MN-DHS would be erroneous denial and future reinstatement of benefits with backpay. Gibbons's disagreement with the method of backpay—EBT in lieu of cash—is insufficient to sustain a theft claim.

### C. Emotional Distress

Gibbons adds to his request for relief by also seeking damages "under the notion of Emotional Distress with an Eggshell Skull Doctrine modifier for the exacerbation of plaintiff's mental health symptoms during this time including up to the time of settlement or trial." (Compl. at 9.) The Court construes this statement as a claim for intentional infliction of emotion distress ("IIED") under Minnesota Law. However, Gibbons's allegations are again insufficient.

"[A] plaintiff needs to allege more than general concerns about mental distress or minimal medical treatment for the defendant's conduct to rise to actionable IIED. . . . [C]onclusory statements that a plaintiff has suffered severe emotional distress are not sufficient to overcome a motion to dismiss." *Lopez Prater v. Trustees of Hamline Univ. of*

-8-

*Minnesota*, 693 F. Supp. 3d 1009, 1030–31 (D. Minn. 2023) (quotations omitted) (dismissing plaintiff's IIED claim because she did not "allege any particularized facts suggesting that [defendant's] conduct caused [her] emotional distress.") (quotations omitted). Here, Gibbons has not alleged any particularized facts suggesting that Hennepin County or MN DHS caused him emotional distress, but merely offers conclusory statements that his "mental health symptoms" were exacerbated. Because he insufficiently alleged a claim for IIED, the Court will dismiss that claim.

### D. Agency Appeal

Gibbons references appealing MN DHS's decision to deny his request for reconsideration. To the extent that this action is an appeal of MN DHS's hearing decision, Minn. Stat. § 256.045, subd. 7 identifies as the correct venue to seek judicial review of MN DHS matters. *See Linehan v. Vang*, No. 18-3385, 2019 WL 2178326, at *2 (D. Minn. Apr. 26, 2019), *report and recommendation adopted*, No. 18-3385, 2019 WL 2177363 (D. Minn. May 20, 2019) (citing Minn. Stat. § 256.045, subd. 7); *Wilson v. Dryden*, 169 F. Supp. 2d 1010, 1013 (D. Minn. 2001). While the Court could exercise supplemental jurisdiction, having dismissed all the potential federal claims, it will decline to do so here. *Wong v. Minnesota Dep't of Hum. Servs.*, 820 F.3d 922, 931 (8th Cir. 2016). To the extent Gibbons's claims are an appeal of MN DHS's decision, those claims will be dismissed without prejudice.

## CONCLUSION

Gibbons seeks a judicial remedy because his SNAP benefits have only been retroactively applied in EBT, not cash. None of the potential bases for his claims provide an avenue for relief. The CAA does not by itself or in conjunction with 42 U.S.C. § 1983 provide a private right of action. Gibbons's theft and emotional distress claims contain no supporting facts to support a claim. Having dismissed any potential claims conveying federal jurisdiction, this Court declines to exercise supplemental jurisdiction over Gibbons's appeal of the MN DHS denial of reconsideration. The Court will thus grant Defendants' motions to dismiss and dismiss Gibbons's Complaint in its entirety.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant MN DHS's Motion to Dismiss [Docket No. 9] is **GRANTED**.

2. Defendant Hennepin County's Motion to Dismiss [Docket No. 17] is **GRANTED**.

3. Plaintiff's Motion to Deny Defendants' Motions to Dismiss [Docket No. 23] is **DENIED**.

4. Plaintiff's Complaint [Docket No. 1] is **DISMISSED** as follows:

    a. Plaintiff's claims under the CAA, theft, and emotional distress are **DISMISSED with prejudice**; and

b. Plaintiff's claim appealing MN DHS's decision **DISMISSED without prejudice**.[6]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 27, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[6] Gibbons's claim appealing MN DHS's decision is dismissed without prejudice, as the Court declined to exercise supplemental jurisdiction. Without prejudice means that Gibbons may theoretically refile this claim in the appropriate state court.